# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHARLES R. CROSSTY,<br>    Petitioner, | Case No. 1:19-cv-292 |
| v. | McFarland, J.<br>Bowman, M.J. |
| WARDEN, MANSFIELD<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. On July 23, 2019, respondent filed a return of writ in response to the petition. (Doc. 10). The matter is currently before the Court on petitioner's amended motion to stay (Doc. 7) and petitioner's motion to amend claims (Doc. 12).

On December 9, 2019, the Court entered an Order directing the Clerk of Court to return the amended motion to stay (Doc. 7) to petitioner because petitioner had failed to sign the motion in accordance with Fed. R. Civ. P. 11. (Doc. 13). The Court Ordered petitioner to sign the motion and return it to the Clerk of Court within twenty-one (21) days should he wish to proceed with the motion. (Doc. 13, at PageID 783). Further, the Court advised petitioner that his failure to respond to the December 9, 2019 Order within the requisite 21-day period would result in the motion (Doc. 7) being struck from the Court's docket in accordance with Fed. R. Civ P. 11(a).[1] (Doc. 13, at PageID 783).

In the Court's December 9, 2019 Order, the Court also directed petitioner to file a copy of his proposed amended petition within twenty-one (21) days of the date of the Order should he wish to continue with his motion to amend. (Doc. 13, at PageID 784).[2] The Court advised petitioner

---

[1]Fed. R. Civ. P. 11(a) provides in relevant part that: "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

[2]In the December 9, 2019 Order, the Court also granted petitioner an additional twenty-one days from the date of the Order in which to file and serve a reply to respondent's Answer/Return of Writ. (Doc. 13, at PageID 783-

that his failure to respond to the Order would result in the denial of his motion to amend.

More than twenty-one (21) days have passed since the Court entered the December 9, 2019 Order, and petitioner has not responded. Accordingly, the undersigned **RECOMMENDS** that petitioner's amended motion to stay (Doc. 7) be **STRICKEN FROM THE RECORD** and that petitioner's motion to amend (Doc. 12) be **DENIED**.

Accordingly, in sum, petitioner's amended motion to stay (Doc. 7) should be **STRICKEN FROM THE RECORD** and petitioner's motion to amend (Doc. 12) should be **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's amended motion to stay (Doc. 7) be **STRICKEN FROM THE RECORD** and petitioner's motion to amend (Doc. 12) be **DENIED**.

2. As the denial of petitioner's motions for a stay of proceedings and to amend his petition (Docs. 7, 12) is not a final appealable order, a certificate of appealability should not issue. *See Jackson v. Sloan*, No. 19-3177, 2019 WL 4267742 (6th Cir. May 2, 2019) (finding that orders denying a stay and motion to amend are not appealable prior to final judgment).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

> *s/Stephanie K. Bowman*
> Stephanie K. Bowman
> United States Magistrate Judge

---

84). To date, petitioner has not filed a reply.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHARLES R. CROSSTY,  
    Petitioner,

v.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:19-cv-292

McFarland, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).