# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHARLES R. CROSSTY,

                Petitioner,     :     Case No. 1:19-cv-292

    - vs -                              District Judge Matthew W. McFarland
                                          Magistrate Judge Michael R. Merz

WARDEN,
  Mansfield Correctional Institution,

                                    :
                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Charles Crossty under 28 U.S.C. §2254, is before the Court on Petitioner's objections (ECF No. 34) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (ECF No. 21). District Judge McFarland has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 35); ultimate decision of the case remains with Judge McFarland.

> **Ground One:** The evidence is insufficient to establish venue in Clermont County beyond a reasonable doubt, in violation of the Fourteenth Amendment of the United States Constitution.
>
> **Supporting Facts:** The Clermont County Court of Common Pleas did not have jurisdiction over Crossty where [there] is insufficient evidence to prove that a crime was committed in Clermont County.
>
> **Ground Two:** The evidence was insufficient to sustain a conviction of the charge of O.R.C. 2923.32(A)(1), engaging in a pattern of criminal activity.

1

>**Supporting Facts:** The State failed to establish that Crossty engaged in a pattern of corrupt activity.
>
>**Ground Three:** Crossty was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.
>
>**Supporting Facts:** trial counsel was ineffective for not properly cross-examining the State's star witness about statements he made to trial counsel during a pretrial interview.

(Petition. ECF No. 1, PageID 10-11.)

**Ground One:  Insufficient Evidence of Venue**

Every element of a crime must be proved by sufficient evidence – enough evidence to persuade at least one rational juror beyond a reasonable doubt.  *In re Winship*, 397 U.S. 358, 364 (1970).  However, because Crossty had conceded on appeal that venue was not an element of any of the crimes with which he was charged, the Report concluded Ground One did not state a claim upon which habeas corpus relief could be granted (ECF No. 21, PageID 806-07).

The first twelve pages of the Objections are addressed to Ground One and argue the merits of the lack of venue defense.  Crossty presents no legal authority to show that venue is an element of any of the crimes of which he was convicted and in fact conceded in the state appellate court that it was not.  His Objections do not even make an argument to the contrary, much less a persuasive one.  As to Ground One, his Objections should be overruled.

**Ground Two: Insufficient Evidence to Prove a Pattern of Corrupt Activity**

In his Second Ground for Relief, Crossty asserts there was insufficient evidence to prove he engaged in a pattern of corrupt activity. Respondent asserted this Ground for Relief was procedurally defaulted because Crossty did not include it in his appeal to the Supreme Court of Ohio and the Report accepted that argument (ECF No. 21, PageID 809). In the alternative, the Report concluded this Ground should be dismissed on the merits because the state appellate court's decision on the issue was entitled to deference under 28 U.S.C. § 2254. *Id.* at PageID 809-14.

Crossty makes no argument as to Ground Two in his Objections. The Court is entitled therefore, to adopt the Report on Ground Two without further analysis. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Ground Three:  Ineffective Assistance of Counsel**

In his Third Ground for Relief, Crossty asserts "trial counsel was ineffective for not properly cross-examining the State's star witness about statements he made to trial counsel during a pretrial interview." This claim has been raised as the Fourth Assignment of Error on direct appeal and rejected by the appellate court. *State v. Crossty,* 2017-Ohio-8267, ¶¶ 72-79 (Ohio App. 12th Dist. Oct. 23, 2017). The Magistrate Judge concluded this was not an unreasonable application of the relevant Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984), and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1)(Report, ECF No. 212, PageID 818-19).

Crossty gathers his arguments about ineffective assistance of trial counsel under the heading "Ground Two" in his Objections (ECF No. 34, PageID 878), although the ineffective assistance of trial counsel claim is Ground Three of the Petition.  Crossty does not deal at all with the problem that if Attorney Arenstein were to testify as to what James Burress said to him, Arenstein would have had to withdraw from representing Crossty because a lawyer cannot be both a witness and an advocate in the same trial.  Arenstein used the information from the conversation in another way and Crossty has not shown that was deficient performance.

In the Objections, Crossty makes many new complaints about Arenstein's deficient performance, but new arguments or claims cannot be introduced in objections.  The Objections also contain numerous references to and quotations from the Ohio Rules of Evidence which do not appear to the Magistrate Judge to be relevant.

The Objections end abruptly on the nineteenth page (PageID 883) without a signature.  Taken as a whole, the Objections do not show any error in the Report and should be overruled.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 15, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.